**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-80563-CIV-CANNON**

**ROLANDE GUILLAUME,**

Plaintiff,

v.

**KRISTI NOEM** and
**KIKA SCOTT,**

Defendants.
_________________________________/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus and Relief under the Administrative Procedures Act (the "Motion") [ECF No. 12]. Plaintiff filed an Opposition [ECF No. 13], and Defendants filed a Reply (the "Reply") [ECF No. 14]. Following review, Defendants' Motion is **GRANTED**, and Plaintiff's Complaint is dismissed for lack of jurisdiction.

**BACKGROUND**

1. Rolande Guillaume ("Plaintiff") is a lawful permanent resident of the United States who resides in Boca Raton, Florida [ECF No. 1 ¶ 3]. On October 6, 2021, Plaintiff submitted to the United States Citizenship and Immigration Services (USCIS) a Form I-130, Petition for Alien Relative (the "Petition"), on behalf of Plaintiff's unmarried adult daughter (the "Beneficiary") [ECF No. 1]. As of the date of this Order, Plaintiff still awaits a decision on the Petition [ECF No. 1 ¶ 17; ECF No. 1-6].
2. Under the Immigration and Nationality Act ("INA"), Congress has limited the number of immigrant visas available each year and set other requirements for obtaining immigrant visas.

8 U.S.C. § 1151(a)(1). Because demand for visas exceeds the annual supply, there is a substantial backlog [ECF No. 12 pp. 4–5]. The Department of State publishes a monthly Visa Bulletin indicating which priority dates are currently eligible for visa processing [ECF No. 12 pp. 3–4].[1]

3. The July 2025 Visa Bulletin indicates that the category for "All Chargeability Areas" (including Haiti) has a final action date of October 15, 2016. *Id.* Because Plaintiff's Petition has a priority date of October 6, 2021, and the Visa Bulletin shows that only petitions with priority dates on or before October 15, 2016, are currently eligible for processing, any possible visa awarded to the Beneficiary will not be available for approximately five more years—even if the Petition were approved today [ECF No. 12 pp. 4–5].

4. On May 8, 2025, Plaintiff filed the instant Complaint seeking a writ of mandamus and injunctive relief under the Administrative Procedure Act ("APA") to compel Defendants to adjudicate her Petition "without further delay" [ECF No. 1 ¶ 1]. The Complaint asserts three counts: (1) unreasonable delay under 5 U.S.C. § 555(b) ("Count I") [ECF No. 1 ¶¶ 19–26]; (2) unlawful withholding of agency action under 5 U.S.C. § 706(1) ("Count II") [ECF No. 1 ¶¶ 27–30]; and (3) mandamus under 28 U.S.C. § 1361 ("Count III") [ECF No. 1 ¶¶ 31–40].

5. On July 21, 2025, Defendants filed the instant Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 12]. Defendants raise four arguments. First, Defendants argue that the Court lacks subject matter jurisdiction over the mandamus claim

[1] The Visa Bulletin is a public government record, and courts may take judicial notice of such records on a motion to dismiss without converting it to a motion for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider" on a motion to dismiss). The Court accordingly takes judicial notice of the July 2025 Visa Bulletin. *See* U.S. Dep't of State, Visa Bulletin for July 2025, https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2025/visa-bulletin-for-july-2025.html.

because Plaintiff does not identify any clear statutory or regulatory duty requiring Defendants to "adjudicate her I-130 Petition within any specific statutorily mandated timeframe" [ECF No. 12 p. 7; ECF No. 14 p. 3]. Second, Defendants argue that Plaintiff has not established that "no other adequate remedy is available," as required for mandamus relief [ECF No. 12 p. 8]. Third, Defendants argue that the Court lacks subject matter jurisdiction over the APA claims because "the pace of USCIS' processing of I-130 Petitions is left to the sound discretion of the agency" and "such pacing neither qualifies as or is subject to a nondiscretionary act" [ECF No. 12 p. 9]. Fourth, Defendants argue that adjudication would be futile because no visa will be available for years, rendering the claim unripe [ECF No. 12 pp. 10–11]. Defendants contend that these same reasons support dismissal under Rule 12(b)(6) for failure to state a claim, challenging Plaintiff's claim of unreasonable delay [ECF No. 14 pp. 3–7; ECF No. 12 pp. 10–11].

6. Plaintiff responds that jurisdiction exists because USCIS has a nondiscretionary duty to adjudicate the Petition more quickly than it has in her case [ECF No. 13 pp. 5–9]. Plaintiff further argues that her "allegations, taken as true and with all inferences drawn in his favor, easily meet the threshold to show a plausible claim that USCIS has failed to reasonably act on her Form I-130 application" [ECF No. 13 p. 3; *see* ECF No. 13 pp. 5–16]. Finally, in response to Defendants' ripeness challenge, Plaintiff attests to the existence of a real and immediate harm from the delay in adjudicating the Form I-130 and the impacts of that delay on the Beneficiary's request for relief via another immigration form (Form I-601A) [ECF No. 13 pp. 2–3, 12–13].[2]

---

[2] In Response, Plaintiff attaches a declaration in support of this argument [ECF No. 13-1]. Consideration of that declaration, however, is inappropriate to resolve the facial and pleading challenges in Defendant's Motion [ECF No. 13-1; ECF No. 13 pp. 3–4 (noting facial attack on jurisdiction); ECF No. 12 p. 5; ECF No. 14 pp. 1–2]. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (noting that plaintiffs cannot amend their complaint

## LEGAL STANDARDS

**Rule 12(b)(1) – Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a defendant raises lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008). A so-called "facial attack" on the complaint, as we have here [ECF No. 12 pp. 5–6], "'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta—Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (alterations adopted) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990)). "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.*; *Morrison v. Amway Corp.,* 323 F.3d 920, 924 n.5 (11th Cir. 2003).

**Rule 12(b)(6) – Failure to State a Claim**

To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial

---

through a response to a motion to dismiss"). Accordingly, the Court will not consider the declaration, although it would reach the same conclusion in this Order regardless.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts the factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 555–56. "Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

When considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

## DISCUSSION

### A. The Court Lacks Jurisdiction Over Plaintiff's Mandamus Claim

The Mandamus Act authorizes district courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)).

To obtain mandamus relief, a plaintiff must demonstrate three elements: "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011). "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th

Cir. 1987); *see also Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1296 (11th Cir. 2004); *Hakki v. Sec'y, Dep't of Veterans Affairs*, 7 F.4th 1012, 1037–38 (11th Cir. 2021).

Plaintiff has not established a basis to issue mandamus relief for the simple reason that she can seek relief under the Administrative Procedure Act. That alone forecloses a grant of a writ of mandamus. *See Hollywood Mobile Ests. Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1268 (11th Cir. 2011); *see also Cash*, 327 F.3d at 1258 (stating that mandamus is available only where all other avenues of relief have been exhausted). Count III is dismissed for lack of jurisdiction.

**C. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's APA Claims**

"The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61–62 (2004) (alteration adopted) (quoting 5 U.S.C. § 702). However, federal courts lack federal question jurisdiction where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); *see also Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). The second exception—pursuant to section 701(a)(2) of the APA—applies "even where Congress has not affirmatively precluded review" if "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). In other words, agency action is committed to agency discretion by law when "the statute granting agency discretion is so broad that it provides no law for courts to apply when reviewing the agency action." *Haitian Refugee Ctr., Inc. v. Baker*, 953 F.2d 1498, 1507 (11th Cir. 1992).

In this case, Plaintiff's APA claims in Counts I and II rest on the notion that Defendants have not adjudicated the Petition within a "reasonable" time [ECF No. 1 ¶¶ 19–26, 30]. The

jurisdictional question, then, turns on whether the pace of processing an I-130 petition is discretionary. *Abdouch v. Mayorkas*, No. 24-CV-310, 2024 WL 5158772, at *3 (M.D. Fla. Dec. 18, 2024) (framing subject matter jurisdiction inquiry as needing to resolve whether I-130 processing "is a non-discretionary act actionable under the APA" in case dealing with similar issues); *see also Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1256 (S.D. Fla. 2022).

Courts have reached different conclusions on this question. Some have determined that the pace of processing I-I30 Petitions is left to agency discretion because there exists no identifiable standard by which to measure a claim of unreasonable delay in this context. *Alfassi*, 614 F. Supp. 3d at 1256 ("The Court is not aware of any statutory or regulatory provisions that govern the pace of USCIS' processing of I-130 Petitions; as such, there is no identifiable standard against which the Court can measure whether the agency has 'unlawfully withheld or unreasonably delayed' review. 5 U.S.C. § 706(1). The passage of time cannot, standing alone, support a claim of unreasonable delay."); *Hasan v. Wolf*, 550 F. Supp. 3d 1342, 1347 (N.D. Ga. 2021) (finding that USCIS's pace of adjudication is discretionary and noting that the "absence of a congressionally imposed deadline or timeframe to complete the adjudication supports th[is] conclusion"); *Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1205 (M.D. Fla. 2007) (finding that USCIS "has a non-discretionary duty to act on an application, a discretionary duty as to the pace of processing the application, and a non-discretionary duty to adjudicate an application"). Other courts have declined to dismiss APA delay claims at the 12(b)(1) stage—even while acknowledging that USCIS's pace of processing is discretionary. *See Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1286–87 (S.D. Fla. 2023) (dismissing APA claim under Rule 12(b)(6) rather than for lack of subject matter jurisdiction, despite finding the pace of processing the USCIS form at issue to be discretionary); *Lammers v. U.S. Citizenship & Immigr. Servs.*, No. 6:21-cv-668, 2021

WL 9408916, at *2 (M.D. Fla. July 28, 2021) (denying motion to dismiss and reserving delay analysis for summary judgment).

This Court finds the *Alfassi* approach persuasive and follows it here. Congress has not prescribed a mandatory timeframe for I-130 adjudication. Nor is such a timeframe evident in the other statutory authorities cited by Plaintiff. *See Alfassi*, 614 F. Supp. 3d at 1255–56. Plaintiff relies on 8 U.S.C. § 1571(b), but that provision merely announces an aspirational policy goal for processing immigration benefit applications—not any sort of mandatory requirement that offers a meaningful limitation on agency discretion. 8 U.S.C. § 1571(b) ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ."); *see Lambert v. Austin Ind.*, 544 F.3d 1192, 1196 (11th Cir. 2008) ("'[S]hould' is permissive, and not mandatory.'"); *Collins Music Co. v. United States*, 21 F.3d 1330, 1335 (4th Cir. 1994) ("The use of precatory language makes it impossible to ascertain a standard against which the action or inaction of the IRS can be measured."); *Horton Homes, Inc. v. United States*, 936 F.2d 548 (11th Cir. 1991) (same); *Sabah v. Emmel*, No. 22-CV-24192, 2023 WL 8080138, at *2 (S.D. Fla. Nov. 21, 2023) (collecting authority that § 1571(b) expresses only Congress's "sense" and does not create a plainly prescribed duty). Plaintiff also relies on the APA's general "reasonable time" language in 5 U.S.C. § 555(b), but that reference similarly imposes no deadlines or manageable standards by which to measure the agency's exercise of discretion. 5 U.S.C. § 555(b) (stating, in part, that "each agency shall proceed to conclude a matter presented to it" "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time"). The Court is not at liberty to create mandatory deadlines or expand agency requirements. The pace of processing is therefore committed to agency discretion, thus precluding APA review and depriving this Court of subject

matter jurisdiction over Plaintiff's APA claims. *Abdouch*, 2024 WL 5158772, at *3 (dismissing claim seeking adjudication of I-130 for lack of subject matter jurisdiction because the pace of processing is committed to agency discretion by law). Counts I and II are dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [ECF No. 12] is **GRANTED**.
2. Counts I, II, and III are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
3. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 31st day March 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record